KNOLL, J.,
concurs in the denial and assigns reasons.
hi agree with the concurrence of my colleague, Justice Crichton. Just last week, the court handled an identical issue with another district judge from the criminal bench in Orleans Parish who, like the trial judge in this case, had prohibited the defendant from exercising his right to use back-strikes. Again, although we are not insensitive to the time constraints under which the district courts operate or to the frustrations caused by the back-strike process, it is not our function to ignore the law. The dictates of Louisiana Code of Criminal Procedure article 799.1 are clear. Perhaps this law should be changed, but such must be the prerogative of the Legislature.
We, the judiciary, are all bound to follow and to respect the law, notwithstanding *830 our disagreement with, or our dislike of, the particular law or precedent. The trial judge herein has served the judiciary with distinction for over a decade. However, his decision to ignore the law in this instance sets a poor example for other less experienced judges. By this concurrence, I encourage and exhort the trial judge to lead, instead, by his good example and faithfulness to the dictates of the law in all situations, no matter how frustrating they may be, so that we do not have to revisit this error once again. In this particular instance, this judicial error has caused harm in that the defendant has to be retried, which is a ^burden to the public, as it is inefficient, time consuming, and a waste of judicial resources.